UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MATTOX, III, *Pro Se* | ) | Case No.: 1:04 CV 2257 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF JEFFERSON, *et. al*., | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Now pending before the court are the following motions: (1) Defendants James Sivak's (hereinafter, "Sivak") and R.E. Bornino's (hereinafter, "Bornino") (together, "Defendants") Motion to Dismiss Plaintiff's Complaint (ECF No. 30); (2) Defendants' Motion to Compel Discovery pending the resolution of their Motion to Dismiss (ECF No. 30); (3) Plaintiff John Mattox III's (hereinafter, "Plaintiff" or "Mattox") Motion to Limit Discovery of Personal and Medical Information (ECF No. 31); (4) Plaintiff's Amended Motion to Suppress (ECF No. 33); and (5) Plaintiff's Motion to Suppress Supplemental Information (ECF No. 36). (ECF Nos. 31, 33, 36 together referred to as, "Plaintiff's Motions for a Protective Order.") For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 30) is denied. Defendants' Motion to Compel Discovery (ECF No. 30) is granted in part and denied in part. Plaintiff's Motions for a Protective Order (ECF Nos. 31, 33, 36) are granted in part and denied in part.

## I. BACKGROUND

### A. Procedural History

On November 12, 2004, Plaintiff filed the instant action *pro se*, against the City of Jefferson, Ashtabula County, and various municipal and state government employees and officials,[1] alleging violations of his Fourth Amendment right to be free from unreasonable search and seizure, Fifth Amendment privilege against self-incrimination, Sixth Amendment right to a speedy trial, and Fourteenth Amendment right to equal protection under the law. (ECF No. 1.) Mattox also seeks damages for alleged violations of 42 U.S.C. §§ 1983, 1985, and 1988. On January 31, 2006, Sivak and Bornino filed a Motion to Dismiss Mattox's claims pursuant to Fed. R. Civ. P. 37(b)(2), or in the Alternative, a Motion to Compel Discovery. (ECF No. 30.) On February 1, 2006, Mattox filed a Motion to Limit Discovery of his Personal and Medical Information. (ECF No. 31.) On February 13, 2006, Mattox filed an Amended Motion to Suppress. (ECF No. 33.) On February 22, 2006, Mattox filed a Motion to Suppress Supplemental Information. (ECF No. 36.)

### B. Facts

On February 12, 2004, Bornino was on regular patrol duty when he observed Plaintiff driving at a rate of speed of eighty-nine miles per hour in a sixty-five miles per hour zone. (Ohio State Highway Patrol Report of Investigation at 12, ECF No. 37, Ex. D.) Bornino attempted to stop Plaintiff for the speed violation by activating his overhead lights and siren. (*Id*. at 6.) Thereafter, Plaintiff fled and a police chase ensued. (*Id.*) Plaintiff ended the chase at either his or his sister's residence, where Plaintiff exited his vehicle with his hands in the air. (*Id.*) At this time, Bornino

---

[1] This Order only addresses Mattox's claims against Defendants James Sivak, Ohio State Highway Patrol Lieutenant, and R.E. Bornino, Ohio State Highway Patrol Trooper.

aimed his taser gun at Plaintiff and ordered him to lie on his stomach on the ground. (*Id.* at 6-7.) After Plaintiff complied, Plaintiff appeared to have a seizure and Bornino called for an ambulance. (*Id.* at 6-7.) The ambulance transported Plaintiff to the Ashtabula County Medical Center. (*Id.*) Bornino followed the ambulance to the medical center. Sivak, who arrived after the ambulance came, remained at the scene to conduct an inventory of Plaintiff's vehicle. (*Id.*)

Plaintiff alleges that during his encounter with Bornino, Bornino used excessive force against him. (Compl. ¶ 25, p 5, ECF No. 1.) Plaintiff alleges Bornino dragged him "by his shirt and hair across a snow covered yard as he was packing snow in the [Plaintiff's] mouth . . . , compromising [Plaintiff's] ability to breathe." (*Id.* ¶ 47.) Plaintiff further alleges that, while Plaintiff was lying on the ground having multiple seizures, Bornino used the taser gun on him. (*Id.*) Finally, Plaintiff alleges that while he was in the ambulance, Bornino pulled Plaintiff off of the gurney, while Sivak was present. (*Id.* ¶ 50.)

However, an eyewitness to the incident, who saw Bornino exit his vehicle and order Plaintiff to the ground, stated that there was no physical contact between the Plaintiff and Bornino. (Ohio State Highway Patrol Report of Investigation at 7, ECF No. 37, Ex. D.) Plaintiff alleges that Bornino pulled him off the gurney, and that there are witnesses who can testify on his behalf. (Compl. ¶ 50, p. 9, ECF No. 1.)

## II. LAW AND ANALYSIS

### A. Defendants' Motion to Dismiss

Federal Rule of Civil Procedure 37(d) permits a court to make "such orders . . . as are just" with regard to a party's failure to comply with certain discovery processes, such as attending depositions or serving answers to interrogatories. Examples of orders which may be just, depending

on the circumstances, include "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding or any part thereof*, or rendering judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

Defendants contend that Plaintiff failed to comply with their discovery requests, and thus this lawsuit must be dismissed, or in the alternative, Plaintiff should be compelled to comply with discovery. Specifically, Defendants state that Plaintiff refused to answer certain interrogatories and failed to provide the requested documents. (Defs.' Mot. to Dismiss at 2, ECF No. 30.) Moreover, Defendants assert that Plaintiff, as well as Cheryl Mattox and Virginia Panella, all refused to participate in their scheduled depositions on February 1, 2006. (*Id*.)

In response, Plaintiff objects to the interrogatory requests for personal and medical information, arguing that this information is protected by the Privacy Act. (Pl.'s Mot. for Protective Order at 1, ECF No. 31.) Plaintiff also states that he was unable to attend the scheduled depositions because it would have been too much of a hardship to travel to Columbus, Ohio, as neither he, nor Cheryl Mattox, nor Virginia Panella have a valid Ohio driver's license. (*Id*. at 4.)

Although Federal Rule of Civil Procedure 37 permits a court to dismiss an action if a party has failed to comply with certain discovery processes, the court recognizes that dismissal is the ultimate sanction to be used in only the most extreme circumstances. The present circumstances, although serious, are not so extreme as to warrant a dismissal. Therefore, the court denies Defendants' Motion to Dismiss.

**B. Defendants' Motion to Compel**

As a party to the suit, Plaintiff is subject to discovery requests from opposing counsel. Federal Rule of Civil Procedure 26(b)(1) provides in pertinent part, that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Relevancy is construed broadly. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed. *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999). Defendants ask the court to compel Plaintiff to fully answer its interrogatories as requested in a letter from Defendants to Plaintiff dated January 19, 2006. (*See* Letter, attached as Ex. A to Defs.' Mot. to Compel, ECF No. 30.) However, it is not clear from the record what information is being sought since Defendants did not provide their interrogatories or Plaintiff's response. Therefore, Defendants' Motion to Compel is granted only to the extent that the information sought does not conflict with this court's Order protecting certain information pertaining to the Plaintiff, as discussed in Section D.

**C. Plaintiff's Motions for a Protective Order**

Despite the broad discovery principles of Federal Rule of Civil Procedure 26(b), courts may issue protective orders pursuant to Rule 26(c) where "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c).

The decision to grant a protective order is within the sound discretion of the trial court. *Proctor & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001, unreported) (citing *Avirgan v. Hull,* 118 F.R.D. 252, 254 (D.D.C. 1987)). Broad allegations of harm unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test. *Patterson v. Heartland Indus. Partners, LLP*, 225 F.R.D. 204 (N.D. Ohio 2004).

In Plaintiff's Motions for Protective Order, he objects to the discovery sought by Defendants and requests that Sivak and Bornino be prohibited from inquiring into certain matters, or in the alternative, that the scope of the disclosure or discovery be limited only to certain matters. Specifically, Plaintiff argues that Defendants should be prohibited from inquiring into: (1) his personal history; (2) his past criminal history; (3) his past and present work history; (4) his past physical medical history; and (5) his past psychiatric history, because this information is privileged under Fed. R. Civ. P. 26(b)(1), is not relevant to the subject matter, and is only an attempt by Defendants to malign, assault, or demean his credibility and character.[2] Plaintiff supports this argument by relying on language contained in Fed. R. Civ. P. 26(b)(1) which states that "Parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action." (Pl.'s Mot. for Protective Order, p. 1, ECF No. 36.)

---

[2] Mattox claims to have offered Sivak and Bornino access to medical report #326259 from the Ashtabula Medical Center dated February 12, 2004, and medical history, medications, and treatments for seizures. (*See* Pl.'s Mot. for Protective Order, p. 1, ECF No. 36.)

Once an objection to the relevance of the information sought is raised, the burden shifts to the party seeking the information to demonstrate that the requests are relevant to the subject matter involved in the pending action. *Allen v. Howmedica Lowbinger, Inc.*, 190 F.R.D. 518, 522 (D. Tenn. 1999). Sivak and Bornino argue that under Fed. R. Civ. P. 26(b)(1), they are entitled to discovery of Plaintiff's medical, psychiatric, personal and criminal history. Defendants argue that these records are relevant to the pending action for the following reasons: (1) Plaintiff alleged in his Complaint that Defendant Bornino injured him while he was having a grand mal seizure; (2) Plaintiff asserts in his Complaint that he suffered emotional injury as a result Defendant Bornino's actions; (3) Plaintiff's diagnosis and treatment of his mental health should be made available because medical records from the Ashtabula Medical Center, dated February 12, 2004, indicate that Plaintiff suffers from acute psychosis; and (4) the records pertain to the credibility of Plaintiff and the allegations he has made against Defendants. (*See* Defs.' Resp. to Pl.'s Mot. for Protective Order, ECF No. 32.)

This court has determined that some, but not all, of the information requested by Defendants is relevant and pertinent to their defense of this action. Therefore, Plaintiff's Motion for a Protective Order is granted in part and denied in part as discussed in Section D.

### D. Protected Information and Permitted Discovery

Defendants Sivak and Bornino are not entitled to discover Plaintiff's entire criminal history. However, Defendants may inquire about any felonies previously committed by Plaintiff, as well as any misdemeanors, if they involved dishonesty or the making of a false statement. (*See* Fed. R. Evid. 609.)

Defendants Sivak and Bornino are not entitled to discover Plaintiff's entire medical history. Defendants may conduct discovery of Plaintiff's medical records as they pertain to his diagnosis and treatment for seizures, dating from three years prior to the date of the incident, to the present date. This shall include any medication that Plaintiff was taking at the time of the incident and all documents relating to Plaintiff's treatment on the date of the incident.

Defendants Sivak and Bornino's request for information relating to Plaintiff's psychiatric history is denied at this time, pending determination of the nature and extent of damages that he is seeking for emotional injury.

Defendants' request for discovery of Plaintiff's work history is granted.  Plaintiff shall be required to provide his employment history for the past five years.

Defendants' request for Plaintiff's personal history is denied at this time.  Defendants have not made it clear to the court what specific information they are seeking and how that information is relevant.

Notwithstanding the fact that the discovery deadline in this case was previously set for February 15, 2006, the court hereby orders Plaintiff to produce the information requested by Defendants, and permitted by this court, within 30 days of the entry of this Order.  The failure to comply with this Order may result in sanctions pursuant to Fed. R. Civ. P. 37, including the dismissal of this action.  Additionally, Plaintiff shall make himself available for a deposition at a location convenient to both parties within 60 days of this Order, or be subject to discovery sanctions.

### III.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 30) is denied. Defendants' Motion to Compel Discovery (ECF No. 30) is granted in part and denied in part. Plaintiff's Motions for a Protective Order (ECF Nos. 31, 33,36) are granted in part and denied in part.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 26, 2006