UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MATTOX, III, *Pro Se* | ) | Case No.: 1:04CV2257 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF JEFFERSON, et al. | ) | |
| | ) | |
| Defendants | ) | ORDER |

On November 12, 2004, John Mattox, III, (hereinafter, "Plaintiff") filed the instant action, *pro se*, against the Village of Jefferson, Laurence Bragga as the Mayor of Jefferson, the Village of Jefferson Council, Jefferson Council members Kathleen Baxly, Wilma Herndon, Mary E. Stasny, Bruce Thompson, Judy Maloney, and Ken Fertig, Judge Robert S. Wynn, Transcribe Recorder Carrie Iarocci, the Ohio State Highway Patrol, Lieutenant James Sivak, Ohio State Trooper R.E. Bornino, the Ashtabula County Sheriff's Department, Lieutenant Joseph Bemme, and Corporal D.A. Dietrich. (*See* Compl. ¶ 59, ECF No. 1.) The Complaint[1] seeks damages for alleged violations of Plaintiff's civil rights under 42 U.S.C. §§ 1983, 1985, and 1988, as well as state tort claims, arising out of Plaintiff's encounter with Ohio State Highway Patrol officers, his subsequent trial, and incarceration. Plaintiff requests compensatory damages in excess of $25,000,000, punitive damages

---

[1] The United States Supreme Court has held that *pro se* complaints are to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1979).

in excess of $25,000,000, prejudgment interest, legal fees, court costs, injunctive relief, and any other relief the court deems proper. (*See id.*)

Currently pending before the court are (1) the Motion for Summary Judgment filed by Defendants Village of Jefferson, Laurence Bragga as the Mayor of Jefferson, Kathleen Baxly, Wilma Herndon, Mary Stasny, Bruce Thompson, Judy Maloney, and Ken Fertig (hereinafter, referred to as the "Jefferson Defendants' Motion for Summary Judgment") (ECF No. 37); and (2) the Motion for Summary Judgment filed by Defendants Ashtabula County, the Ashtabula County Sheriff's Department, Lt. Joseph Bemme, Corporal D.A. Dietrich, and Carrie Iarocci (hereinafter, referred to as the "Ashtabula Defendants' Motion for Summary Judgment") (ECF Nos. 38, 39). Plaintiff did not respond to these motions for summary judgment. For the reasons set forth below, both motions are granted.

## I.  FACTUAL BACKGROUND

On February 12, 2004, State Trooper R.E. Bornino (hereinafter, "Trooper Bornino") was on regular patrol when he observed Plaintiff, a Caucasian male, speeding in his vehicle. (*See* ECF No. 37, Ex. D, Report of Investigation at 3, 12.) Trooper Bornino activated his patrol car's overhead lights and siren. (*Id.* at 6.) Plaintiff failed to stop and a police chase ensued. (*Id.*) Plaintiff ended the chase at either his or his sister's residence, where Plaintiff exited his vehicle with his hands in the air. (*Id.*)

It appears from the record that Trooper Bornino aimed his taser gun at Plaintiff. (*Id.* at 6.) Plaintiff alleges Trooper Bornino used the taser on him.[2] (Compl. ¶¶ 47-48.) Trooper Bornino then

---

[2]  Plaintiff has failed to support his claims with any affidavits or other materials provided for under Fed. R. Civ. P. 56(e). In responding to summary judgment motions, the United States Court of Appeals for the Sixth Circuit has refused to grant

-2-

ordered Plaintiff to lie on his stomach on the ground, and Plaintiff complied. (Report of Investigation at 6.) When Plaintiff appeared to have a seizure, Trooper Bornino called for an ambulance. (*Id.* at 7.) Plaintiff alleges that Trooper Bornino used excessive force and dragged Plaintiff "by his shirt and hair across a snow covered yard as [Trooper Bornino] was packing snow in the [Plaintiff's] mouth, . . . compromising [Plaintiff's] ability to breathe." (Compl. ¶¶ 25, 47.) Plaintiff further alleges that, while he was lying on the ground having multiple seizures, Trooper Bornino used the taser gun on him. (*Id.* ¶ 47.) Plaintiff complained that the ground was cold and icy, and that Trooper Bornino allowed Plaintiff to sit in Plaintiff's vehicle. (Report of Investigation at 7.) Trooper Bornino also allowed Plaintiff's sister to obtain Plaintiff's anti-seizure medication from the house and provide it to Plaintiff. (*Id.*) Ambulance personnel confirmed that the medication was for seizures. (*Id.*)

An ambulance transported Plaintiff to the Ashtabula County Medical Center. (Compl. ¶ 47.) Plaintiff alleges that, while in the ambulance, Trooper Bornino pulled Plaintiff from the gurney while Lieutenant James Sivak (hereinafter, "Lt. Sivak") failed to intervene. (*Id.* ¶ 50.) Although Plaintiff indicates that there are witnesses who can testify on his behalf (*id.*), Plaintiff has failed to submit any evidentiary support for this claim. To the contrary, the record shows that Trooper Bornino followed behind the ambulance in his own vehicle and that Lt. Sivak remained at the scene to conduct an inventory of Plaintiff's vehicle. (Report of Investigation at 7.) Plaintiff's car was then impounded. (*Id.* at 5.) At the hospital, Trooper Bornino issued citations to Plaintiff. (*Id.* at 7.)

---

special or preferential treatment to *pro se* litigants. *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Plaintiff was not arrested or detained, and Plaintiff was given medical clearance from the hospital. (*Id.*)

Thereafter, the Ohio State Highway Patrol conducted an investigation. (*Id.* at 3-13.) Plaintiff alleges that the investigation was flawed in that key eyewitnesses were not interviewed and evidence was manipulated. (Compl. ¶ 15.) Plaintiff has failed to submit any evidence to support this allegation. Plaintiff was subsequently charged with failure to comply with an order or signal of a police officer (O.R.C. § 2921.331) and with aggravated menacing (O.R.C. § 2903.21). (*See* ECF No. 37, Ex. D at 1, 10.)

Plaintiff alleges that the evidence presented to the prosecutor was falsified. (Compl. ¶ 52.) Further, Plaintiff alleges that Trooper Bornino admitted in court that he used a taser on Plaintiff but that the court transcript does not reflect this admission because the transcript was falsely transcribed by Carrie Iarocci (hereinafter, "Iarocci").[3] (*See id.* ¶ 48.) The Ashtabula Defendants maintain that the Ashtabula County Court of Common Pleas does not make audio tapes of criminal trials, and that Iarocci transcribed Plaintiff's criminal trial as the trial took place. (*See* Ashtabula's Mot. for Summ. J. at 8, ECF No. 38.) Further, the record reflects that an eyewitness saw Trooper Bornino exit his vehicle and order Plaintiff to the ground. (Report of Investigation at 7.) The witness indicated that there was no physical contact between Plaintiff and Trooper Bornino. (*Id.*)

Plaintiff was booked in the Ashtabula County Jail on November 17, 2004. (ECF No. 38, Booking Sheet at 37.[4]) He was incarcerated from November 17, 2004, to June 6, 2005. (ECF No.

---

[3] Plaintiff has not provided supporting evidence for these allegations.

[4] Ashtabula's Motion for Summary Judgment references alphabetical exhibits; however, exhibits are not properly labeled.

38, Sartini Aff. at 40, ¶ 7.) Plaintiff alleges that while incarcerated at Ashtabula County Jail he was deprived of medication, medical treatment, food, and water. (Compl. ¶¶ 35, 53.) Ashtabula County Jail medical records indicate that Plaintiff's medications were brought to the jail on November 18, 2004, (ECF No. 38, Physician's Order/Progress Notes at 42) and that Plaintiff received his medications every day except on November 18, 2004, when it is documented that Plaintiff refused to take his medication (ECF No. 38, Sartini Aff. at 40, ¶ 5; ECF No. 38, Physician's Order/Progress Notes at 42). In addition to his medications being administered, as indicated by the Physician's Orders/Progress Notes, Plaintiff received additional medical treatment while he was incarcerated. (*Id.*)

Finally, Plaintiff alleges that while he was incarcerated at Ashtabula County Jail he was restrained to a chair with chains and padlocks following a seizure. (Compl. ¶ 35.) Plaintiff offers no evidence to support this allegation.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

Fed. R. Civ. P. 56(c). Federal Rule of Civil Procedure 56(e) specifies the materials properly submitted in connection with a motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . . The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary

> judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). However, the movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In reviewing summary judgment motions, this court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standard. Thus, in most civil cases the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an

affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

### III. LAW AND ANALYSIS

#### A. Plaintiff's § 1983 Claims

Plaintiff brings several § 1983 claims against the Village of Jefferson, Laurence Bragga as the Mayor of Jefferson, Village of Jefferson Council, Jefferson Council members Kathleen Baxly, Wilma Herndon, Mary E. Stasny, Bruce Thompson, Judy Maloney, and Ken Fertig (collectively referred to as "the Jefferson Defendants"). However, Plaintiff does not contend that the alleged constitutional violations were committed by any one of them. Therefore, the Jefferson Defendants' Motion for Summary Judgment on *all* of Plaintiff's § 1983 claims is granted.

Plaintiff also brings several § 1983 claims against Ashtabula County, Ashtabula County Sheriff's Department, Lieutenant Joseph Bemme, Corporal D.A. Dietrich, and Transcribe Recorder Carrie Iarocci ( collectively referred to as "the Ashtabula Defendants"). For claims under 42 U.S.C. § 1983, the court must evaluate (1) whether plaintiff's harm was caused by a constitutional violation and (2) whether "the alleged deprivation was committed by a person acting under color of state law." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). If the court determines that an action constitutes a violation of the plaintiff's constitutional rights, the court then evaluates a qualified immunity defense. *Wilson v. Layne*, 526 U.S. 603 (1999).

##### 1. Violations of the Fourth Amendment.

Plaintiff cites the Fourth Amendment numerous times in his complaint without specifying any harm or actor. (*See* Compl.) The court will construe this as a claim alleging that Plaintiff was subjected to an unreasonable search and seizure in violation of the Fourth Amendment[5] as the record does show that following a police chase by Ohio State Trooper Bornino, Plaintiff's automobile was inventoried by Lt. Sivak and impounded. (Report of Investigation at 5, 7.) Arguably, this is the basis for Plaintiff's § 1983 claim alleging violations of the Fourth Amendment. However, Plaintiff does not contend that this, or any other, alleged Fourth Amendment violations were committed by Ashtabula County, the Ashtabula County Sheriff's Department, Lt. Bemme, Corporal Dietrich, or Iarocci. Since Plaintiff fails to allege or offer any evidence that any harm in violation of the Fourth Amendment was caused by any of the Ashtabula Defendants, the Ashtabula Defendants' Motion for Summary Judgment on Plaintiff's § 1983 claim alleging violations of the Fourth Amendment is granted.

### 2. Violations of the Fifth Amendment.

The Fifth Amendment protects citizens from self-incrimination. U.S. Const. Amend. V. In the present case, Plaintiff cites the Fifth Amendment in his *pro se* Complaint, yet once again, Plaintiff has failed to allege that he incriminated himself, nor does Plaintiff submit any evidence on the matter. Consequently, the Ashtabula Defendants' Motion for Summary Judgment on Plaintiff's § 1983 claims alleging violations of the Fifth Amendment is granted.

---

[5] Plaintiff has failed to submit an affidavit or other evidence to support these allegations.

### 3. Violations of the Sixth Amendment.

Plaintiff alleges that his right to a speedy and fair trial under the Sixth Amendment was violated. (*See* Pl.'s Compl.) Plaintiff does not allege that he was denied his right to a speedy trial, his right to counsel, or his right to confront witnesses. Therefore, the court will construe Plaintiff's Complaint as alleging that he was denied his right to a fair trial because, according to Plaintiff, Trooper Bornino admitted in court that he used a taser on Plaintiff but the court transcript does not reflect this because the transcript was falsely transcribed by Iarocci. (Compl. ¶ 48.) Plaintiff has failed to submit any evidence, such as his own affidavit, or the affidavits of witnesses, to support his allegation that the alleged admission was ever made by Trooper Bornino or that the transcript is an inaccurate record of his trial. Furthermore, the Ashtabula Defendants maintain that the Ashtabula County Court of Common Pleas does not make audio tapes of criminal trials, and that Iarocci transcribed Plaintiff's criminal trial as the trial took place. (Ashtabula's Mot. for Summ. J. at 8.) Without additional evidence, no genuine issue of material fact exists regarding Plaintiff's claim that he was denied his right to a fair trial. Thus, even when viewing the evidence in a light most favorable to Plaintiff, no reasonable jury could conclude that Iarocci or Ashtabula County violated Plaintiff's rights to a fair trial. Therefore, the Ashtabula Defendants are entitled to summary judgment on Plaintiff's § 1983 claims alleging violations of the Sixth Amendment.

### 4. Violations of the Eighth Amendment.

The Eighth Amendment protects citizens from cruel and unusual punishment. U.S. Const. Amend. VIII. In the present case, Plaintiff alleges that while incarcerated in the Ashtabula County Jail, he was deprived of medication, medical treatment, food, and water. (Compl. ¶¶ 35, 53.) Plaintiff has failed to submit any evidence to support this allegation. The Ashtabula Defendants

point to evidence in the record showing that Plaintiff's medications were brought to the jail on November 18, 2004, (Physician's Order/Progress Notes at 42) and that Plaintiff received his medications every day except for November 18, 2004, when it is documented that Plaintiff refused to take his medication (ECF No. 38, Sartini Aff. at 40, ¶ 5; ECF No. 38, Physician's Order/Progress Notes at 42).

Plaintiff further alleges that, while incarcerated, he was restrained to a chair with chains and padlocks following a seizure. (Compl. ¶ 35.) Plaintiff has failed to submit any evidence to support this allegation. Defendant maintains that the jail has no record or knowledge of Plaintiff having a seizure while in custody. (Ashtabula's Mot. for Summ. J. at 7; ECF No. 38, Sartini Aff. at 40, ¶¶ 6-7.) Plaintiff has the duty to point out specific facts in the record, as it has been established, which create a genuine issue of material fact. *Fulson*, 801 F. Supp. at 4. Plaintiff has failed to point to any evidence in the record which supports his allegations; as such, no genuine issue of material fact exists. Therefore, the Ashtabula Defendants are entitled to summary judgment on Plaintiff's § 1983 claims alleging violations of the Eighth Amendment.

### 5. Violations of the Fourteenth Amendment.

The Fourteenth Amendment ensures equal protection to all citizens. U.S. Const. Amend. XIV. As stated by the court in *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005), "[t]he states cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." In the present case, Plaintiff has failed to point to any facts in the record which show that any of the Ashtabula Defendants burdened any fundamental right. Furthermore, Plaintiff has not alleged that he is a member of a suspect class or that he was treated

any differently than others similarly situated. (*See* Compl.) Accordingly, the Ashtabula Defendants' Motion for Summary Judgment on Plaintiff's § 1983 claim alleging violations of the Fourteenth Amendment is granted.

In conclusion, the Jefferson Defendants' Motion for Summary Judgment on all of Plaintiff's § 1983 claims is granted and the Ashtabula Defendants' Motion for Summary Judgment on all of Plaintiff's § 1983 claims is also granted.

**B.      Plaintiff's § 1985 Claim**

Section 1985 prohibits conspiracies interfering with civil rights. 42 U.S.C. § 1985. A plaintiff can bring a claim under § 1985 based on: (1) a conspiracy preventing an officer from performing duties; (2) a conspiracy obstructing justice or intimidating a party, witness, or juror; or (3) a conspiracy depriving persons of rights or privileges. *Id.* Plaintiff alleges that his right to equal protection under the Fourteenth Amendment was violated. (Compl. Introduction.) Under § 1985(3), a plaintiff must show (1) that a conspiracy existed; (2) that the conspiracy was for the purpose of depriving, either directly or indirectly, plaintiff of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; and (4) that the plaintiff was injured or deprived of any right or privilege. *Radvansky*, 395 F.3d at 314. In addition, the Supreme Court has found that "there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

In the present case, this court has already determined that Plaintiff has failed to put forth sufficient evidence to support his claims alleging a violation of the Equal Protection clause of the Fourteenth Amendment. Moreover, Plaintiff is a Caucasian male and has not provided evidence or

allegations that his treatment was "racial" or "otherwise class-based." *See Radvansky*, 395 F.3d at 314. Plaintiff has not pled and has failed to provide any evidence showing that there is a genuine issue of material fact with regard to any of the elements required to establish a conspiracy under 42 U.S.C. § 1985(3). Thus, viewing the evidence in a light most favorable to Plaintiff, no reasonable jury could conclude that any of the Jefferson Defendants, or any of the Ashtabula Defendants, conspired against Plaintiff in violation of § 1985(3). Therefore, both the Jefferson Defendants' and the Ashtabula Defendants' Motions for Summary Judgment on Plaintiff's § 1985 claim are granted.

**C.      Plaintiff's § 1988 Claim**

Under 42 U.S.C. § 1988, the court may award the prevailing party attorney's fees. The Supreme Court has held "that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 491 (1991) (citing *Wright v. Crowell*, 674 F.2d 521 (6th Cir. 1982)). In the instant case, Plaintiff is a *pro se* litigant; therefore, he is not entitled to attorney's fees. Accordingly, both the Jefferson Defendants' and the Ashtabula Defendants' Motions for Summary Judgment on Plaintiff's § 1988 claim are granted.

**D.      Plaintiff's State Law Claims**

Plaintiff's Complaint could also be interpreted as alleging violations of the Ohio State Constitution.[6] Specifically, Plaintiff cites Article I, §§ 10 and 14 of the Ohio Constitution. (*See* Compl. Introduction.) Article I, § 10 of the Ohio Constitution provides an accused with a right to counsel, a right to confront witnesses, and a right to a speedy and fair trial. Article I, § 14 of the Ohio Constitution protects an accused from unreasonable search and seizure. As discussed, *supra*,

---

[6]    It is not clear from Plaintiff's complaint whether he is alleging state law claims under the Ohio State Constitution or a federal constitution claim for violations of the Fourth and Sixth Amendments.

-12-

Plaintiff has failed to allege or point to any evidence in the record showing that there is a genuine issue of material fact with regard to Plaintiff's claims alleging that he did not receive a fair trial and that he was subjected to an unreasonable search and seizure. Therefore, both the Jefferson Defendants' and the Ashtabula Defendants' Motions for Summary Judgment on Plaintiff's claims alleging violations under Article I, §§ 10 and 14 of the Ohio Constitution are granted.

## IV. CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment filed by Defendants Village of Jefferson, Laurence Bragga as the Mayor of Jefferson, Kathleen Baxly, Wilma Herndon, Mary Stasny, Bruce Thompson, Judy Maloney, and Ken Fertig (the "Jefferson Defendants' Motion for Summary Judgment") is granted. (ECF No. 37.)

The Motion for Summary Judgment filed by Defendants Ashtabula County, the Ashtabula County Sheriff's Department, Lt. Joseph Bemme, Corporal D.A. Dietrich, and Carrie Iarocci (the "Ashtabula Defendants' Motion for Summary Judgment") is also granted. (ECF Nos. 38, 39).

On July 22, 2005, the court dismissed Plaintiff's claims against Judge Robert S. Wynn. Thus, only Plaintiff's claims against the Ohio State Highway Patrol, Lt. James Sivak, and Ohio State Trooper R.E. Bornino remain in the above-captioned case.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 26, 2006