UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MATTOX, III, *Pro Se,* | ) | Case No.: 1:04 CV 2257 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF JEFFERSON, *et. al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Now pending before the court is Ohio State Highway Patrol, James Sivak (hereinafter, "Sivak") and R.E. Bornino's (hereinafter, "Bornino") (together, "Defendants") Second Motion to Dismiss Plaintiff John Mattox's (hereinafter, "Plaintiff") Complaint (ECF No. 50.) As the dispositive motions in this case were due on March 16, 2006, this court will treat Defendants' Second Motion to Dismiss as a Motion *in Limine*. While the court expresses its extreme displeasure at the late filing of this Motion, the court finds that the Motion is well-taken. Defendants' Second Motion to Dismiss is granted. (ECF No. 50.) Therefore, the only claim remaining for trial in this case is Plaintiff's § 1983 claim, alleging violation of the Fourth Amendment against Bornino in his individual capacity.

**I. PROCEDURAL BACKGROUND**

On November 12, 2004, Plaintiff filed the instant action, *pro se*, against multiple Defendants. The Complaint seeks damages for alleged violations of Plaintiff's civil rights under 42 U.S.C. §§

1983, 1985, and 1988, as well as state tort claims, arising out of Plaintiff's encounter with Ohio State Highway Patrol officers, his subsequent trial, and incarceration. The majority of the Defendants in this action have been dismissed. At the time of the filing of the within Motion, only Plaintiff's claims against the Ohio State Highway Patrol, Sivak, and Bornino remained. Defendants now seek to dismiss all claims, except the 1983 claim against Bornino.

## II. RELEVANT FACTUAL BACKGROUND[1]

On February 12, 2004, State Trooper R.E. Bornino was on regular patrol when he observed Plaintiff, a Caucasian male, speeding in his vehicle. Bornino activated his patrol car's overhead lights and siren. Plaintiff failed to stop and a police chase ensued. Plaintiff ended the chase at either his or his sister's residence, where Plaintiff exited his vehicle with his hands in the air. It appears from the record that Bornino aimed his taser gun at Plaintiff. Plaintiff alleges Bornino used the taser on him. Bornino then ordered Plaintiff to lie on his stomach on the ground, and Plaintiff complied. When Plaintiff appeared to have a seizure, Bornino called for an ambulance. Plaintiff alleges that Bornino used excessive force and dragged Plaintiff "by his shirt and hair across a snow covered yard as [Trooper Bornino] was packing snow in the [Plaintiff's] mouth, . . . compromising [Plaintiff's] ability to breathe." (Compl. ¶¶ 25, 47.) Plaintiff further alleges that, while he was lying on the ground having multiple seizures, Bornino used the taser gun on him. Bornino also allowed Plaintiff's sister to obtain Plaintiff's anti-seizure medication from the house and provide it to Plaintiff.

An ambulance transported Plaintiff to the Ashtabula County Medical Center. (Compl. ¶ 47.)

---

[1] A more thorough factual background can be found in this court's Order dated September 26, 2006, ECF No. 41.

Plaintiff alleges that while in the ambulance, Bornino pulled Plaintiff from the gurney while Lieutenant Sivak failed to intervene. (*Id.* ¶ 50.) The record shows that Bornino followed behind the ambulance in his own vehicle and that Sivak remained at the scene to conduct an inventory of Plaintiff's vehicle. (Report of Investigation at 7, ECF No. 37.) Plaintiff's car was then impounded. (*Id.* at 5.) At the hospital, Bornino issued citations to Plaintiff. (*Id.* at 7.)

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a claim for lack of subject matter jurisdiction. Rule 12(b)(2) allows a court to dismiss a claim for lack of jurisdiction over the person. Rule 12(b)(6) allows the court to determine the legal sufficiency of a plaintiff's claims. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Courts reviewing a 12(b)(6) motion must accept the well-pled factual allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

### A. Eleventh Amendment Immunity

Defendant Ohio State Highway Patrol argues that it is immune from suit in this action. As the court in *Rankins v. Northcoast Behavioral Health Care*, 2006 U.S. Dist. LEXIS 72664 (N.D. Ohio 2006) explained,

> A state and its agencies may not be sued in federal court unless the state has consented to such a suit or its immunity has been properly abrogated by Congress. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. *Id.*; *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). The Ohio Highway Patrol is an arm of the state of Ohio and is entitled to immunity under the Eleventh Amendment.

*Rankins*, 2006 U.S. Dist. LEXIS 72664 at *5.

The Eleventh Amendment also bars actions for monetary relief against state employees in their official capacity, as they "are in effect, suits against the state." *See Miller v. Rudd*, 2001 U.S. Dist. LEXIS 25974 * 30 (S.D. Ohio 2001) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). In *Miller*, the plaintiff had brought suit under §§ 1981 and 1983 against several state officials in their official capacities. *Id.* at * 27. The court granted the individual state officials' motion for summary judgment, holding that "because the State of Ohio has immunity from claims brought under § 1981 [and § 1983], such claims against [the defendants] in their officials capacities [were] likewise barred in federal court." *Id.* at *28.

Defendants Sivak and Bornino, at all times relevant to this action, were employed by the State of Ohio, Ohio State Highway Patrol, and have been sued in their official capacities, as well as their individual capacities. (Comp. ¶¶ 1, 4, ECF No. 1.) Plaintiff's claims against Sivak and Bornino in their official capacities for monetary relief are barred by the Eleventh Amendment, as they are essentially claims against the State. Plaintiff's claims against Sivak and Bornino in their official capacities for injunctive relief shall be discussed *infra*.

As the Sixth Circuit explained in *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002), there are three situations where the Eleventh Amendment does not apply. First, a state can waive its immunity by consenting to suit in federal court. *See id.* Second, the Eleventh Amendment does not bar suits against state officials which seek prospective injunctive relief. *See id.* (citing *Ex Parte Young*, 209 U.S. 123, 167, 52 L. Ed. 714, 28 S. Ct. 441 (1908)). Third, Congress may abrogate states' Eleventh Amendment immunity if it acts pursuant to a valid grant of constitutional authority and expresses an unequivocal intent to abrogate the immunity. *Id.*

First, the State of Ohio has not consented to be sued in federal court under § 1983. *See e.g.*,

*Miller*, 2001 U.S. Dist. LEXIS 25974 *25 (citing *Lowe v. Ohio Dep't of Rehab. and Corr.*, 1998 U.S. App. LEXIS 28330, 1998 WL 791817 *2 (6th Cir. 1998) (unpublished) (noting that the State of Ohio has not waived its immunity for § 1981 or § 1983 claims)). Therefore, the first exception to Eleventh Amendment Immunity does not apply.

Second, Plaintiff in the instant case has sued Sivak and Bornino in their official capacities, and seeks injunctive relief. To prevail on a claim for injunctive relief, the plaintiff must show that: (1) he is likely to succeed on the merits, (2) he will suffer irreparable injury in the absence of an injunction, (3) the injunction will not cause substantial harm to others, and (4) the injunction will serve the public interest. *Dorsey v. Barber*, 2005 U.S. Dist. LEXIS 32865 *30 (N.D. Ohio 2005) (citing *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985)). The United States Supreme Court has explained that injunctive relief is only appropriate where the Plaintiff can show a "real or immediate threat that the plaintiff will be wronged again--a 'likelihood of substantial and immediate irreparable injury.'" *Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). In *Lyons*, after being stopped for a traffic violation, the non-threatening plaintiff-respondent was subjected to a choke hold and was injured. *Id.* at 97-98. Lyons sought injunctive relief against the city to prevent the use of choke holds under circumstances that do not threaten death or seriously bodily harm. *Id.* at 98, 100. The Court held that it was without jurisdiction to entertain Lyon's claim for injunctive relief because the respondent could not show that he was in immediate danger of irreparable injury. *Id.* at 105.

*Lyons* is directly apposite. Plaintiff is unable to establish that he will have any future contact with the Ohio State Highway Patrol, and thus, he is unable to establish a real and immediate threat that the Ohio State Highway Patrol will conduct an illegal search and seizure or otherwise interfere

with his rights. Consequently, Plaintiff's claim seeking injunctive relief cannot be sustained.

Finally, the third exception to Eleventh Amendment immunity is also not applicable. It is well-settled that Congress did not abrogate the States' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. *Id.* (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997)).

For the above-stated reasons, Defendants' Motion to Dismiss Plaintiff's claims against the Ohio State Highway Patrol, based on Eleventh Amendment immunity, is granted. Defendants' Motion to Dismiss Plaintiff's claims against Defendants Sivak and Bornino, in their official capacities, based on Eleventh Amendment immunity, is also granted.

### B. Plaintiff's § 1983 Claim Alleging Violation of the Fourth Amendment Against Defendant Sivak in his Individual Capacity

Defendants argue that Plaintiff's § 1983 claim, alleging violation of the Fourth Amendment against Sivak in his individual capacity, must be dismissed for failure to state a claim upon which relief may be granted. To establish a claim under 42 U.S.C. § 1983, Plaintiff must show: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, (1978)). In the instant case, Plaintiff claims that while inside the ambulance, Bornino pulled him off the gurney while Sivak "stood idly by" and "supervised." (Compl. ¶ 50.) As the Sixth Circuit stated in *Searcy*, "[a] supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* at 287 (quotation omitted). Plaintiff does not allege that Sivak encouraged Bornino, or participated in pulling him off

the gurney. Therefore, Plaintiff has failed to state a claim against Sivak, in his individual capacity, upon which relief may be granted. Consequently, Defendants' Motion to Dismiss Plaintiff's § 1983 claim against Sivak in his individual capacity, alleging violation of the Fourth Amendment, is granted.

### C. Plaintiff's § 1983 Claims Alleging Violations of the Fifth, Sixth, and Fourteenth Amendments

The Fifth Amendment to the United States Constitution protects citizens against self-incrimination. Plaintiff's Complaint fails to allege that Defendants Sivak and/or Bornino caused him to incriminate himself in any manner. As such, Defendants' Motion to Dismiss Plaintiff's § 1983 claim, alleging violation of the Fifth Amendment is granted.

The Sixth Amendment to the United States Constitution provides citizens the right to a speedy and fair trial. Plaintiff's Complaint fails to allege that Sivak and/or Bornino violated his right to a speedy trial. Consequently, Defendants' Motion to Dismiss Plaintiff's § 1983 claim, alleging violation of the Sixth Amendment is also granted.

The Fourteenth Amendment to the United States Constitution guarantees equal protection to all citizens. As stated by the Court in *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005), "[t]he states cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." In the instant case, Plaintiff failed to allege that Sivak, and/or Bornino burdened his fundamental rights. Moreover, in order to prevail on an equal protection claim, Plaintiff must allege invidious discrimination based upon his membership in a protected class. Plaintiff has not alleged that he is a member of a suspect class or that he was treated any differently than others similarly situated. (*See* Compl.) Plaintiff further failed to allege that Sivak, and/or

Bornino discriminated against him based upon his membership in any such class. Accordingly, Defendants' Motion to Dismiss Plaintiff's § 1983 claim, alleging violation of the Fourteenth Amendment is granted.

### D. Plaintiff's § 1985 Claim

Section 1985 prohibits conspiracies interfering with civil rights. *See* 42 U.S.C. § 1985. Plaintiff alleges that his right to equal protection under the Fourteenth Amendment was violated. (Compl. Introduction.) Under § 1985(3), a plaintiff must show (1) that a conspiracy existed; (2) that the conspiracy was for the purpose of depriving, either directly or indirectly, plaintiff of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; and (4) that the plaintiff was injured or deprived of any right or privilege. *Radvansky*, 395 F.3d at 314. Additionally, a plaintiff must demonstrate the conspiracy was motivated by a class-based animus, such as race. *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). In the present case, Plaintiff's Complaint fails to state that the alleged conspiracy between Defendants Sivak and Bornino was motivated by a class-based animus. Consequently, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss Plaintiff's § 1985 conspiracy claim is granted.

### E. Plaintiff's State Law Claims

Ohio law provides that no state employee shall be liable in any civil action unless his actions were not within the scope of his duties and he acted "with malicious purpose, in bad faith, or in a wanton and reckless manner." O.R.C. § 2743.02(A)(1). As the Sixth Circuit explained in *Anderson v. Ohio State Univ.*, 26 Fed. Appx. 412 (6th Cir. 2001), "[t]he Ohio Court of Claims Act requires that state law claims brought against state employees in their personal capacities must be filed first

in the Court of Claims." *Id.* at 415 (citing O.R.C. § 2743.02(F); *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989)). In *Anderson*, the Sixth Circuit concluded that the district court had properly dismissed the plaintiff's state law claims for lack of subject matter jurisdiction because the plaintiff had not first filed his state law claims in the Court of Claims. *Id.* at 415. The Court of Claims of Ohio has exclusive and original jurisdiction to determine whether the official is entitled to immunity. *See* O.R.C. § 2743.02(F); *see also Haynes*, 887 F.2d at 704 ("Under Ohio law, then, state employees may not be sued unless and until it has been determined by the Court of Claims that they are not entitled to immunity.")

In the instant case, it is undisputed that Plaintiff did not first file his state law claims in the Court of Claims. As explained by the Court in *Haynes*,

> Until the Ohio Court of Claims determines that they are not immune, there is no cause of action cognizable under Ohio law over which the district court can assert pendent jurisdiction. A federal court exercising pendent jurisdiction sits as a court of the forum state and is bound to apply its substantive law. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 108-09, 89 L. Ed. 2079, 65 S. Ct. 1464 (1945). Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities.

*Haynes*, 887 F.2d at 705.

Consequently, pursuant to O.R.C. § 2743.02(F), Plaintiff's state law claims against Sivak and Bornino, in their individual capacities, must be dismissed, for failure to state a claim upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss Plaintiff's state law claims is granted.

**F. Plaintiff's Claim for Attorney's Fees Under § 1988**

Under 42 U.S.C. § 1988, the court may award the prevailing party attorney's fees. The Supreme Court has held "that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 491 (1991) (citing *Wright v. Crowell*, 674 F.2d 521 (6th Cir. 1982)). In the instant case, Plaintiff is a *pro se* litigant who is not a lawyer; therefore, he is not entitled to attorney's fees. Accordingly, Defendant's Motion to Dismiss Plaintiff's § 1988 claim is granted.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Second Motion to Dismiss is granted as follows: (1) Defendants' Motion to Dismiss Plaintiff's claims against the Ohio State Highway Patrol, based on Eleventh Amendment immunity is granted; (2) Defendants' Motion to Dismiss Plaintiff's claims against Defendants Sivak and Bornino, in their official capacities, based on Eleventh Amendment immunity is granted; (3) Defendants' Motion to Dismiss Plaintiff's § 1983 claim, alleging violation of the Fourth Amendment, against Sivak in his individual capacity, is granted; (4) Defendants' Motion to Dismiss Plaintiff's § 1985 conspiracy claim is granted; (5) Defendants' Motion to Dismiss Plaintiff's state law claims is granted; and (6) Defendant's Motion to Dismiss Plaintiff's § 1988 claim is granted.

The only claim remaining for trial in this matter is Plaintiff's § 1983 claim alleging violation of the Fourth Amendment against Bornino in his individual capacity.

Additionally, there shall be no further final pretrial conferences in this case.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 10, 2007